IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

KATARA TYLER BURTON                                                                PLAINTIFF

V.                                                         CIVIL ACTION NO. 2:11CV129-NBB-SAA

COAHOMA COMMUNITY COLLEGE                                             DEFENDANT


## MEMORANDUM OPINION

Presently before the court is the defendant's motion to dismiss.  For the reasons set forth

below, the defendant's motion is well taken and shall be granted.

### Factual and Procedural Background

The plaintiff, Katara Burton, began her employment with the defendant, Coahoma

Community College, in August 1995.  Burton's physician diagnosed her with multiple sclerosis

in March 2005, and on June 4, 2009, he instructed her to limit her work hours during the

summer.  At that time she worked for the defendant as Tech Prep Coordinator.  When advised of

the plaintiff's need to limit her work hours, her supervisors made the decision not to renew her

annual employment contract.  She received a letter on July 7, 2009, stating this decision and

another on July 16, 2009, confirming and presenting other options available to Burton, including

a part time position at the college.  On January 28, 2010, the plaintiff consulted with an attorney

and on that same day sent a charge of discrimination to the Equal Employment Opportunity

Commission (EEOC) stating that she was "discriminatorily terminated . . . due to her sex and

medical condition."  The EEOC received and filed the charge on February 2, 2010, 210 days

after the initial letter informing her of the defendant's decision not to renew her contract and 201

days after the second letter.

On March 11, 2011, the EEOC mailed Burton a letter informing her of her right to sue and the decision to dismiss her charge because it was untimely filed. On May 13, 2011, Burton filed her complaint in the Circuit Court of Coahoma County alleging that defendant's conduct violated Title VII and the ADA and asserting that the college is vicariously liable for the unlawful acts of its employees. The plaintiff also brings claims for the intentional and negligent infliction of emotional distress. The case was subsequently removed to this court. Coahoma Community College has now filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

**Standard of Review**

When reviewing a Rule 12(b)(6) motion to dismiss the court "accept[s] all factual allegations in the complaint as true." *Lormand v. US Unwired, Inc.,* 565 F.3d 228, 232 (5th Cir. 2009). The court also views the complaint in the light most favorable to the plaintiff. *Id.* "Motions to dismiss are viewed with disfavor and are rarely granted." *Id.*

 "A complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. "Recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft,* 556 U.S. at 678. The courts "are not bound to accept as true a legal conclusion couched as a factual allegation."

*Id* at 678. "Determining whether a complaint states a plausible claim for relief will . . . require[] the reviewing court to draw on its judicial experience and common sense." *Id* at 679.

In ruling on a motion to dismiss, the court does not look beyond the pleadings and its attachments. *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir. 2000). "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.,* 394 F.3d 285 (5th Cir. 2004). The court may also consider matters of which it takes judicial notice and matters in the public record. *Lovelace v. Software Spectrum, Inc.,* 78 F.3d 1015, 1018 (5th Cir. 1996).

## Discussion

## I.     Americans with Disabilities Act and Title VII Claims

A person claiming rights under Title VII and the ADA must first file a charge of discrimination with the EEOC "within 180 days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1) (2009); 42 U.S.C. § 12117(a) (2006). The 180-day filing deadline is not treated as a jurisdictional requirement, but as a statute of limitations. *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393 (1982). A complaint may be dismissed when relief is barred by a statute of limitations. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1049 (5th Cir. 1982). The 180-day period may, however, be "subject to waiver, estoppel, and equitable tolling." *Zipes,* 455 U.S. at 393.

The 180 days in which the plaintiff must file a charge with the EEOC begins to run the day the plaintiff receives notice of termination, not her last day of employment. *Clark v. Resistoflex Co.*, 854 F.2d 762, 765 (5th Cir. 1988). "Determination of when notice has been

communicated to an employee is based upon an objective standard . . . when the employee knew, or reasonably should have known, that the adverse employment decision had been made." *Id.* *See also Stith v. Perot Sys. Corp.,* 122 Fed. App'x. 115, 117 (5th Cir. 2005) ("[R]elevant inquiry is when the employer may be considered to have 'established its official position and made that position apparent to the plaintiff.'" (quoting *Del. State Coll. v. Ricks,* 449 U.S. 250, 262 (1980))).

"Equitable tolling . . . is a narrow exception . . . that should be applied sparingly." *Phillips v. Leggett & Platt, Inc.,* 658 F.3d 452 (5th Cir. 2011). "[It is used] in limited circumstances to prevent a plaintiff from unjustly losing a claim vigorously pursued." *Perez v. U.S.*, 167 F.3d 913, 919 (5th Cir. 1999). There are "at least three bases for equitable tolling: (1) the pendency of a suit between the same parties in the wrong forum; (2) plaintiff's unawareness of the facts giving rise to the claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about the nature of her rights." *Granger v. Aaron's, Inc.,* 636 F.3d 708, 712 (5th Cir. 2011). This list is not exhaustive. *Id.*

Equitable tolling may also arise if the employer failed to post notice of rights or if the employee is not able to use reasonable diligence to discover information about his or her claim. *Rhodes v. Guiberson Oil Tools Div.*, 927 F.2d 876, 878 (5th Cir. 1991). Failure to adequately post notice, alone, is not always sufficient to toll the period before a plaintiff filed a charge with the EEOC. *See Cruce v. Brazosport Indep. Sch. Dist.,* 703 F.2d 862 (5th Cir. 1983) (holding plaintiff's ignorance of her rights due to defendant not posting them was insufficient to support tolling when she had the opportunity to learn general information about her Title VII rights); *see also Clark v. Resistoflex Co.,* 854 F.2d 762 (5th Cir. 1988) (holding time could not be tolled

4

because plaintiff had general knowledge of age discrimination laws at the time of his termination).

In *Cruce*, the plaintiff, a teacher, alleged her employer discriminated against her based on sex when it retracted a position previously offered to her and gave it to a male. *Cruce,* 703 F.2d at 863. The plaintiff completed the grievance procedures of the Texas State Teachers Association (TSTA) and received representation by one of its representatives. *Id.* She later filed a suit under Title VII without first filing a charge of discrimination with the EEOC. *Id.* The plaintiff argued her time to file a charge with the EEOC should be equitably tolled because her employer never posted information regarding her rights, and she was therefore excusably ignorant. *Id* at 864. The Fifth Circuit held that the plaintiff's time should not be equitably tolled. *Id.* The court reasoned that the employer never misled her about her rights or misrepresented facts related to her cause of action. *Id.* Further, the plaintiff had "ample opportunity" to learn of her rights because of her TSTA representative. *Id.*

In the case presently before the court, Burton filed her charge of discrimination with the EEOC outside of the 180-day statutory deadline. Viewing the facts in the light most favorable to the plaintiff, the court finds that the plaintiff filed her charge with the EEOC, at the earliest, 201 days after the unlawful act. When she received the second letter dated July 16, 2009, it effectively communicated to her that the defendant would not renew her contract. Of the three established bases available for equitable tolling, none are present. The plaintiff does not contend that the defendant did anything to conceal her rights or mislead her about the facts. Instead she asserts that she was excusably ignorant of her rights until she met with her attorney because the college failed to post notice. This argument appears disingenuous. Having only general

knowledge of sex and disability discrimination laws will bar tolling.  *See Clark v. Resistoflex Co.,* 854 F.2d 762 (5th Cir. 1988).  Burton worked at the college, in a position of authority and responsibility, for fourteen years.  After receiving the first letter, the plaintiff promptly appealed the decision and spoke with the president of the college about it – indicating that she knew the decision not to renew her contract might be unlawful.

Assuming arguendo the plaintiff did not have general knowledge of Title VII and the ADA, with the use of reasonable diligence, she could have easily learned general information regarding her rights.  The reasoning used in *Cruce* should also be applied in the present case.  As in *Cruce,* Burton argues that she was excusably ignorant of her rights because the college failed to post notice.  Regardless of whether the college posted notice, when Burton appealed the decision, she knew that the decision not to renew her contract was because of her disability, and she knew that the college previously accommodated male counterparts.  Similar to the plaintiff in *Cruce,* Burton had ample opportunity to learn of her rights when she appealed the decision and spoke with the president of the college.  She also had the option to contact the head of the Department of Human Resources to learn of any recourse available to her.  Moreover, the college's entire policy and procedures manual is provided, free of charge, in a PDF document on the defendant's website.  The manual provides the college's non-discrimination notice and policy.  It also provides the contact information of the person to contact if an employee has any questions regarding the non-discrimination policy.  Burton had "access to a means of discovering basic information about Title VII [and the ADA]."  *Cruce,* 703 F.2d at 864.

Equitable tolling is to be used in rare instances when a plaintiff diligently seeks relief for discriminatory acts.  When deciding a Rule 12(b)(6) motion to dismiss "the reviewing court

[must] . . . draw on its judicial experience and common sense." *Ashcroft,* 556 U.S. at 679.

Common sense dictates that after working at an institution of higher learning in a position of

authority for fourteen years, Burton at least knew in general terms about her rights not to be

discriminated against based on sex and disability, particularly after appealing the decision.

Assuming she did not know of these rights, with the use of reasonable diligence, she had ample

opportunity to acquire general information regarding them. The facts indicate that Burton's time

should not be tolled. Absent the application of equitable tolling, Burton filed her charge of

discrimination significantly after the 180-day deadline, and her Title VII and ADA claims should

therefore be dismissed.

## II.     Vicarious Liability, Doctrine of Respondeat Superior Claim

The courts "are not bound to accept as true a legal conclusion couched as a factual

allegation." *Ashcroft,* 556 U.S. at 678. A plaintiff must provide "more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do."

*Twombly,* 550 U.S. at 555.

Count Three of the Burton's complaint simply adopts the facts alleged above in the

complaint and states that the college is vicariously liable for the acts of its employees through the

doctrine of respondeat superior. This does nothing more than state a legal conclusion and

provides no separate factual allegations for grounds for relief under the doctrine of respondeat

superior distinct from Counts One and Two. Count Three of the complaint therefore should be

dismissed for failure to state a right to relief.

**III.     Intentional Infliction of Emotional Distress Claim**

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*  "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.*

Further, for an intentional infliction of emotional distress claim, "the plaintiff must prove the defendant's conduct was wanton and willful and evoked outrage or revulsion . . . [and that the defendant's] actions were so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Evans v. Miss. Dept. of Human Serv.,* 36 So. 3d 463, 475-76 (Miss. Ct. App. 2010).  "An intention to cause severe emotional distress exists when the act is done . . . with knowledge on the part of the actor that severe emotional distress is substantially certain to be produced by his conduct." *Leaf River Forest Prod., Inc. v. Ferguson,* 662 So. 2d 648, 666 (Miss. 1995).  "Recognition of a cause of action for intentional infliction of emotional distress in a workplace environment has usually been limited to cases involving a pattern of deliberate, repeated harassment over a period of time." *Lee v. Golden Triangle Planning & Dev. Dist., Inc.,* 797 So. 2d 845, 851 (Miss. 2001) (quoting *Pegues v. Emerson Elec. Co.,* 913 F. Supp. 976, 982-83 (N.D. Miss. 1996)).

In the present case, the facts alleged in the complaint do not rise to the level of relief for intentional infliction of emotional distress in Mississippi.  Count Four of the plaintiff's complaint

does nothing more than recite the conduct required for a cause of action for intentional infliction of emotional distress. Plaintiff provides no further facts to show grounds for relief. The complaint does not provide any factual allegations that the conduct was calculated to cause severe emotional distress. The letters sent to the plaintiff regarding her termination show that the defendant's conduct did not "go beyond all bounds of decency" and was not "utterly intolerable in a civilized community." The defendant offered the plaintiff a part time position, continued her pay until the end of her contract along with vacation and personal days, and even stated "I love you." Viewing the facts in the light most favorable to the plaintiff, the court finds the facts alleged in the complaint coupled with the letter dated July 16, 2009, do not rise above a speculative level. Count Four should therefore be dismissed for failure to state a right to relief.

## IV.    Negligent Infliction of Emotional Distress Claim

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The law in Mississippi regarding negligent infliction of emotional distress is not well settled. The majority view requires that "where the defendant's conduct rises only to the level of ordinary negligence, the plaintiff must prove some sort of injury or demonstrable harm, whether it be physical or mental, and that harm must have been reasonably foreseeable to the defendant." *Am. Bankers' Ins. Co. of Fla. v. Wells,* 819 So. 2d 1196, 1208 (Miss. 2001). If there is no demonstrable injury, "the defendant's conduct must be malicious, intentional, willful, wanton, grossly careless, indifferent or reckless." *Id.* The minority view allows a plaintiff to recover for infliction of emotional distress by ordinary

negligence as long as it proximately caused the emotional distress and it was reasonably foreseeable. *Id.* For this view, the court requires a heavy burden of proof that there is actual emotional distress. *Id.* Worry, emotional upset, and loss of sleep do not seem to meet the burden of proof required. *See Adams v. U.S. Homecrafters, Inc.,* 744 So. 2d 736 (Miss. 1999); *see also Strickland v. Rossini,* 589 So. 2d 1268 (Miss. 19991).

Following the majority view in the case at bar, the court finds that the complaint does not show a right to relief beyond the speculative level. Count Five, again, does nothing more than recite the conduct required for the cause of action of negligent infliction of emotional distress. The complaint does not allege any medically cognizable injury due to the defendant's acts. Further, the second letter Burton received from the college shows that the conduct of the defendant was not "malicious, intentional, willful, wanton, grossly careless, indifferent, or reckless." The defendant offered her a part time position, continued her pay until the end of her contract, and stated "I pray for God's healing and restoration" and "I love you." The facts alleged in the complaint do not bring the right to relief above a speculative level. Count Five of the complaint should therefore be dismissed.

## Conclusion

For the foregoing reasons, the court finds that the defendant's motion to dismiss is well taken and should be granted. A separate order in accord with this opinion shall issue this day. This the 15th day of June, 2012.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**